UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ] | |
| | ] | |
| v. | ] | 1:24-CR-0098-001 |
| | ] | |
| SHAWN MAHONEY | ] | |
| | ] | |

**DEFENDANT'S SENTENCING MEMORANDUM**

The defendant, Shawn Mahoney, by and through counsel, Jaye Rancourt, hereby files this sentencing memorandum respectfully requesting that the Court impose a sentence of twenty-four months of probation, restitution in the amount of $500, no fine and the mandatory special assessment, a proposed sentence that meets the purposes of sentencing set forth in 18 U.S.C. § 3553(a)(2).

 In support thereof, the defendant submits the following:

**I.    INTRODUCTION**

Mr. Mahoney comes before this Court remorseful for the part he played in the January 6 riot. Mr. Mahoney came to Washington D.C. on that date to participate in a rally orchestrated and led by President Donald Trump. He believed he was lawfully exercising his right to protest. Unfortunately, the day's events turned violent and destructive to an extent not anticipated nor planned by Mr. Mahoney. While he unlawfully entered the United States Capitol building, he neither destroyed property nor did he engage in any assaultive or violent behavior.

The Sentence requested by Mr. Mahoney meets the sentencing purposes set forth in 18 U.S.C. § 3553(a)(2). It enables him to continue to remain in society working and being a productive member of his community. It permits him to continue to support his family. It permits him to continue to seek and participate in treatment which has been helpful in him keeping his life on

track. It also provides for supervision to ensure that he maintains a law-abiding and productive future.

## II. THE SENTENCING FRAMEWORK

Section 3553(a) of Title 18 "specifies the factors courts are to consider in imposing a sentence. The list of factors is preceded by what is known as the parsimony principle, a broad command that instructs courts to 'impose a sentence sufficient, but not greater than necessary, to comply with' the four identified purposes of sentencing: just punishment, deterrence, protection of the public, and rehabilitation." *Dean v. United States*, 581 U.S. 62, 67 (2017) (quoting 18 U.S.C. § 3553(a)). That same statute directs the sentencing court "to take into account 'the nature and circumstances of the offense and the history and characteristics of the defendant,' as well as 'the need for the sentence imposed' to serve the four overarching aims of sentencing. The court must also consider the pertinent guidelines and policies adopted by the Sentencing Commission." *Id.* (quoting 18 U.S.C. § 3553(a)).

While the applicable guideline sentencing range is "the starting point and initial benchmark," *Gall v. United States*, 552 U.S. 38, 49 (2007), "the district judge should consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party. In so doing, [s]he may not presume that the Guidelines range is reasonable. [She] must make an individualized assessment based on the facts presented." *Id.* at 49-50; *see also Pepper v. United States*, 562 U.S. 476, 490-91 (2011) ("Congress could not have been clearer in directing that '[n]o limitation ... be placed on the information concerning the background, character, and conduct' of a defendant that a district court may 'receive and consider for the purpose of imposing an appropriate sentence.'") (*quoting* 18 U.S.C. § 3661).

**III.     NATURE OF CIRCUMSTANCES OF OFFENSE**

What occurred in the United States Capital on January 6, 2020, was tragic, destructive, and deadly. One can only imagine the fear and panic that it created for those living through the events. For the fear and chaos, the violence and the destruction Mr. Mahoney is very remorseful and in hindsight realizes that he should not have participated in the rally which resulted in this destruction.

However, and to his credit, Mr. Mahoney did not participate in either destruction nor violence. Mr. Mahoney came to the United States Capital to participate in a political rally. Mr. Mahoney held, and holds, strong political beliefs. He came to the US Capital to exercise his Constitutional Right to protest. He did not plan, nor did he anticipate that the events of the day would unfold as they did.

Mr. Mahoney got swept up in the events of the day and regrets that behavior. In hindsight he should not have entered the United States Capitol Building. He was part of a very large crowd. He got caught up the events of the day and the events unfolding around him. He entered the Capitol unlawfully and remained in the Capitol for some period of time without permission and knowing that he should not be there. For that, he is remorseful and regrets the decisions he made that day.

**IV.     PERSONAL HISTORY AND CHARACTERISTICS**

Mr. Mahoney is thirty-four years old. He has recently relocated to Florida, from New Hampshire, to be closer to family for support. Mr. Mahoney has two biological children with whom he lives and supports. He also cares for his girlfriend's son, age 12, who suffers from some significant health issues. Mr. Mahoney has maintained employment up to his recent move to Florida. He had demonstrated an ability and willingness to maintain employment and support his

family.

While Mr. Mahoney has a past criminal record, it is noteworthy that the bulk of this criminal activity occurred when he was 18 and 19 years old. His significant past felony offenses all occurred prior to the age of 20.

Mr. Mahoney indicated to United States Probation that he struggled with alcohol abuse. A review of his criminal record past the age of twenty would indicate that the majority of these misdemeanor offenses were attributable to and/or connected to his use and abuse of alcohol.

Mr. Mahoney has learned to utilize tools, such as counseling, to assist him in difficult times rather than resort to alcohol as he may have done in the past. When he was experiencing relationship issues, he reached out to his previous counselor at RTT Associates to assist him. He maintained this counseling relationship until his recent move to Florida.

Mr. Mahoney has demonstrated growth, maturity, and an understanding of himself and his responsibilities through the years. His engagement with the criminal justice system has drastically decreased, his use of substances has ceased, and his employment and work history have improved. He cares for and supports three children. He has been fully compliant with pre-trial supervision during the pendency of this case.

## V.    SUBSTANCE ABUSE ISSUES

Mr. Mahoney reported that he began drinking alcohol at the age of sixteen. PSR ¶ 63. His alcohol use escalated to daily use. He recognized that alcohol was causing both legal and relationship problems in his life and ceased consumption.

Mr. Mahoney was honest with United States Probation, from the time of his arrest, regarding his occasionally use of marijuana. PSR ¶ 64 and 65. However, upon being instructed to discontinue use upon arrest, he complied. He has not used marijuana since prior to his arrest.

## VI.     OVERARCHING AIMS OF SENTENCING

This Court is tasked with attempting to fashion a sentence that not only takes these individual traits of Mr. Mahoney into consideration but also is just and appropriate in order to deter future criminal conduct and provide just punishment for Mr. Mahoney's offense. Under these circumstances, a probationary sentence serves those purposes. There are numerous defendants also charged in the January 6 riots for similar conduct who have received probationary sentences.

| | |
|---|---|
| **Michael Danlele** | found guilty of four charges including entering and remaining in restricting building or ground; disorderly conduct in a Capitol Building and parading, demonstrating or picketing in a capital building: sentenced to 24 months of probation (first 30 days on home detention.) |
| **Joseph Kerry Hicks** | found guilty of disorderly conduct in Capitol Building; and parading demonstrating or picketing in a capitol building; sentenced to 24 months of probation. |
| **Karen Jane Jones** | pleaded guilty to entering and remaining in a restricted building or ground; sentenced to 36 months of probation (90 days of location monitoring). |
| **Rasha N. Abual-Ragheb** | pleaded guilty to parading, demonstrating, or picketing in a Capitol Building; sentenced to 36 months of probation (2 months as home detention). |
| **Eduardo Nicolas Alvear Gonzalez** | pleaded guilty to parading, demonstrating or picketing in a Capitol Building; sentenced to 24 months of probation. |
| **Melanie Archer** | pleaded guilty to parading demonstrating or picketing in a Capitol Building; sentenced to 18 months of probation. |
| **Vincent James Ardollno** | pleaded guilty to parading, demonstrating, or picketing in a Capitol Building; sentenced to 36 months of probation. |
| **Stephen Michael Ayres** | pleaded guilty to disorderly and disruptive conduct in a restricted building or grounds; sentenced to 24 months of probation. |

| **David A. Ball, Jr.** | pleaded guilty to parading, demonstrating or picketing in Capitol Building; sentenced to 24 months of probation. |
|---|---|
| **Robert Ballesteros** | pleaded guilty to parading, demonstrating or picketing in a Capitol Building; sentenced to 36 months of probation. |
| **Richard Franklin Barnard III** | pleaded guilty to parading, demonstrating or picketing in a Capitol Building; sentenced to 12 months of probation (1 months of home confinement). |
| **Katelyn Bartow** | pleaded guilty to parading, demonstrating, or picketing in a Capitol Building; sentenced to 12 months of probation (90 days location monitoring). |
| **Travis Bartow** | pleaded guilty to parading, demonstrating or picketing in a Capitol Building; sentenced to 12 months of probation (30 days location monitoring). |
| **Melanie Christine Belger** | pleaded guilty to parading, demonstrating, or picketing in a Capitol Building; sentenced to 36 months of probation. |
| **Andrew Ryan Bennett** | pleaded guilty to parading, demonstrating or picketing in a Capitol Building; sentenced to 24 months of probation. |
| **Steven Billingsley** | pleaded guilty to disorderly and disruptive conduct in a restricted building or grounds; sentenced to 24 months of probation. |
| **Tonya Bishop** | pleaded guilty to disorderly conduct in Capitol Building or grounds; and parading, demonstrating, or picketing in a Capitol Building; sentenced to 24 months of probation. |
| **Bradley Bokoski** | pleaded guilty to parading, demonstrating, or picketing in a Capitol Building; sentenced to 36 months of probation. |

The probationary sentence requested by Mr. Mahoney is within the range of sentencing options available to this Court and consistent with sentences received by others charged with similar offenses. The sentence serves the purpose of sentencing as outlined in 18 U.S.C. § 3553(a). The requested sentence is sufficient, but not greater than necessary, to serve those purposes.

VII.     **CONCLUSION**

For the reasons stated in this memorandum, Mr. Mahoney requests this Court sentence him to 24 months of probation, $500 restitution, no fine, and the mandatory special assessment.

                Respectfully submitted,

                */s/ Jaye Rancourt*
                Jaye Rancourt, AFPD
                Federal Public Defender Office
                (603) 226-736
                Jaye_Rancourt@fd.org
                N.H. Bar #14235

**CERTIFICATE OF SERVICE**

I hereby certify that the above document was served on the following person on October 16, 2024, and in the manner specified herein: electronically served through CM/ECF to AUSA Matthew Vigeant

                /s/ *Jaye Rancourt*
                Jaye Rancourt